**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AFGHAN AND IRAQI ALLIES UNDER SERIOUS THREAT BECAUSE OF THEIR FAITHFUL SERVICE TO THE UNITED STATES, ON THEIR OWN AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs-Appellees,<br><br>– against –<br><br>MARCO A. RUBIO, *et al.*,<br><br>Defendants-Appellants. | Case No. 25-5279 |

# PLAINTIFFS-APPELLEES' MOTION TO DIVIDE ORAL ARGUMENT TIME

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 34(c), Plaintiffs-Appellees respectfully move for leave to divide their oral argument time between two attorneys for Plaintiffs-Appellees and Class Counsel. Defendants-Appellants take no position on this motion. In support of this motion, Plaintiffs-Appellees state as follows:

1. On September 18, 2026, the Court scheduled the consolidated appeals 25-5279 and 25-5480 for oral argument on November 6, 2026, and stated that a separate order will be issued regarding the allocation of time for argument. *Afghan*

*& Iraqi Allies v. Rubio*, No. 25-5279 (D.C. Cir. Sept. 18, 2026). As of the date of this motion, the Court has not allotted argument time.

2. These consolidated appeals arise from several opinions of the district court rendered between 2019 and 2025, and present multiple issues detailed in Plaintiffs-Appellees' brief of June 3, 2026:

a. whether the district court abused its discretion in certifying the class, which is limited to individuals whose SIV applications had been awaiting government action for longer than 9 months on or before November 30, 2022, where Plaintiffs showed systemic delays in the SIV application process affecting all class members, and Defendants did not show that any class member was "high-risk" and required additional time or that any delays were attributable to such cases;

b. in granting summary judgment to Plaintiffs and issuing an injunction, whether the district court (1) erred in concluding that Defendants have a duty to adjudicate Afghan and Iraqi SIV applications, or (2) abused its discretion in balancing the factors set out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d70 (D.C. Cir. 1984) and determining that Defendants' delay of Plaintiffs' applications was unreasonable so as to warrant relief under APA § 706(1);

c. whether the district court abused its discretion in including the administrative processing stage within the scope of the injunction, where it is

undisputed that administrative processing is required before any Afghan or Iraqi SIV can be issued; and

d. whether the district court abused its discretion in denying Defendants' requests to eliminate timing benchmarks for Defendants' processing of class members' applications at two steps of the adjudication plan, where those requests were unsupported by evidence showing they were suitably tailored to changed circumstances.

3. Given the number and complexity of the issues presented and the extensive factual record, Plaintiffs-Appellees respectfully request permission for co-counsel to divide the allotted oral argument time. Kimberly Grano of the International Refugee Assistance Project would address the issues described in paragraphs 2(a) and 2(b), and Rebecca C. Kerr of Freshfields US LLP would address the issues described in paragraphs 2(c) and 2(d).

WHEREFORE, Plaintiffs-Appellees respectfully request that the Court grant this motion and permit Plaintiffs-Appellees to divide their oral argument time as set forth above.

Dated: October 16, 2026

*<u>/s/ Kimberly Grano</u>*
Kimberly Grano
Guadalupe Aguirre
Pedro Sepulveda
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
One Battery Park Plaza, 33rd Floor
New York, NY 10004
(646) 946-7453
kgrano@refugeerights.org
laguirre@refugeerights.org
psepulveda@refugeerights.org

*<u>/s/ Rebecca C. Kerr</u>*
Rebecca C. Kerr
David Y. Livshiz
Freshfields US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
(917) 565-4104
rebecca.kerr@freshfields.com
david.livshiz@freshfields.com

*Attorneys for Plaintiffs-Appellees and Class Counsel*

**CERTIFICATE OF COMPLIANCE**

1. This Motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the Motion contains 466 words.

2. This Motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 16, 2026

*/s/ Rebecca C. Kerr*
Rebecca C. Kerr

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit and accomplished service by using the appellate CM/ECF system.

Dated: October 16, 2026

*/s/ Rebecca C. Kerr*
Rebecca C. Kerr